McFarland, J.,
delivered the opinion of the court.
This is a motion by the State against the sureties of W. C. Robinson, now deceased, who was tax collector for Madison county for the years 1866 and 1867. The motion is made to recover the amount of the State revenue for the year 1867, and is made upon the bond given by said Robinson and his sureties on the 7th of April, 1866, the time of his induction into office. The condition of the bond recites that said Robinson had' been elected revenue collector for Madison county for two years, from the first Saturday in March, 1866, and concludes: “Now, if the said Vm. C. Robinson, shall well and truly collect all State taxes, which by law he ought to collect, and well and truly account for, and pay over all taxes by him collected, or which ought to be by him collected, according to law, then this obligation to be *313 void,” etc. The question made is, whether under this bond, the sureties are liable for the year 1867 ?
The question we have settled at the present term, in the ease of the State and county of Shelby v. Wm. McLean, et als. We held in that case, that where the bond given by the collector, upon his induction into office; was in its terms broad enough to cover the entire term of office, that it would be held a valid obligation for the second as well as for the first year’s taxes, at least, to the extent of the penalty. The grounds upon which this conclusion was predicated, are stated in the opinion in that case, and we deem it unnecessary to repeat them again.
It .will be seen that the terms of the bond in this case are broad and comprehensive, and not limited to any period of time, and embrace within the manifest meaning of the language, the taxes of the entire term of two years.
It does not appear whether any subsequent bond was given or not. We hold, therefore, that the sureties on this bond are liable for the taxes for the year 1867.
It is next argued, that the sureties are discharged by an act of the Legislature, passed March 1st, 1870, granting further time to the collector, without the consent of the sureties. The first section of this act is as follows: “That Emsley Jeffries, revenue collector for the county of Smith, and Carter M. Bales, revenue collector for the county of Hawkins, and all revenue and tax collectors for the various counties in the State of Tennessee, who have not completed their collections *314 and settlements as such tax or revenue collector, for the years 1865 and 1866, and 1867, be and they are hereby granted, and allowed the further time of one year from this date in which to collect and make full settlements as such revenue or tax collectors for the years aforesaid.” The second section enacts, “That nothing contained in this act, shall operate or be held to release the present securities of such revenue or tax collectors for said years,'who may claim the benefit of this act; provided, the securities shall consent to such further time.”
It is argued that the proper construction of this act is, that if the sureties agree to the extension of time, they shall not be- released. Otherwise, the inference is, they are released, because they have not consented, and this seems to be^ the most natural construction of the language; but we must, if possible, out of respect to the Legislature, give a reasonable construction to the act, and the construction contended for would leave the second section with the proviso, without any practical meaning whatever. For, if the effect of the first _ section be, as argued, to release the sureties by extending time to the principal without their assent, then it would be idle and unmeaning for the next section to declare that the first section shall not operate or be held to release them. If the first section does what it proposes to do — that is, extend the time without the assent of the sureties, then the effect of this is a question for the courts to decide, and it would not be the province of the Legislature to declare Avithout more that the sureties shall not thereby *315 be released. But this second section is coupled with a proviso, that is, it declares that the sureties shall not be released, provided they assent to the extension of the time.
If they assented to the extension of time, then it would follow, as a legal result, that they would not be released without the second section or proviso of this act. In other words, if the first section of this act be as argued, an unconditional extension of time to the principal, without the assent of the sureties, then the effect of this upon the obligation of the sureties, is a question that the courts alone can decide, and it would be idle for the Legislature to undertake to declare what should or should not be the effect. The Legislature may, of course, declare the purpose and intention of a law, or exclude any improper meaning, but the purpose, intention and meaning being clear, then the effect is a question for the court.
It would be perfectly competent for the Legislature to declare in the second section, that it was not their purpose to grant this extension of time without the assent of the sureties. That the act could only be effective in favor of those who claimed the benefit of it, and that to obtain the benefit of the act, the assent of the sureties must be obtained to the extension of time; and this is the only construction that can be given to the act, consistent with reason. "We can not suppose that the Legislature intended, by a sweeping enactment, without inducement or consideration, to release all the sureties of all the defaulting *316 tax collectors in the State for three years. "We should not so construe their act, if it be susceptible of any other reasonable construction. The saving of the second section, construéd as contended for by defendant’s counsel would amount to nothing.
To say that the sureties shall not be released, provided they agree to an extension of time, but' say by inference that they shall be released- if they do not agree to it, would be no saving of the rights of the Staje. The sureties, upon this sort of a proposition, W'ould hardly agree to an extension. We hold the proper construction of the act to be, that in order to prevent the release of the sureties, the act shall not take effect in favor of any collector without his sureties agree to the extension of time. The object of the second section was to prevent the release of the sureties. This is plainly declared, upon the assumption that the first section standing alone did release them. Then the only mode in which the Legislature could prevent this, would be to limit the operation of the first section, to those cases where the sureties agree to the extension. The legal effect of this would be to prevent their release, and to give the second section any meaning, consistent with any sensible purpose in the mind of the Legislature, this construction must be given to it.
The defendants proposed to prove by the records of the County Court, that certain sums had been allowed by the - Court for errors and insolvencies. This proof was rejected upon the ground that the statement of the Comptroller of the amount claimed by the *317 State was conclusive. Such was the opinion of the court, when this cause was here at a former term, but the judgment of this court was not rendered upon that ground, and the question is still open for review. And it will be seen, by the opinion rendered at the present term, in the case of The State v. McLean, et als., that this holding has been overruled. Where the County Court made allowances as to these errors and insolvencies, it was the duty of the clerk to certify the record to the Comptroller, so that he could enter the credit, but for some cause the credit has not been given. We hold that this proof should have been admitted. The proof ought to have been made part of the record by bill of exceptions. The record shows that it was agreed that the transcript need not be copied into the bill of exceptions.
If the Attorney General elects to regard this proof as satisfactory, the judgment will be rendered here for the amount claimed, less these credits; otherwise the cause will have to be remanded to the court below, so that this proof may be heard. The question made by the Attorney General upon writ of error as to the commissions, and the proper mode of computing the interest and damages, are both settled in the ease of McLean.